IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| MASS ENGINEERED DESIGN, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| PLANAR SYSTEMS, INC. | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Mass Engineered Design, Inc. (hereinafter, "MASS" or "Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendant, Planar Systems, Inc. (hereinafter, "Planar" or "Defendant"), as follows:

### NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of United States Patent Nos. RE36,978 (the "'978 Patent") and 8,102,331 (the "'331 Patent") (collectively, the "Patents-in-Suit").

### PARTIES

2. Plaintiff Mass Engineered Design, Inc. is a limited liability company organized and existing under the laws of Ontario, Canada.

3. Upon information and belief, Defendant Planar Systems, Inc. is a corporation organized and existing under the laws of the state of Oregon, with its principal place of business located at 1195 Northwest Compton Way, Beaverton, Oregon 97006.

### JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.,

including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over Defendant, including because Defendant has minimum contacts within the State of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas.

6. More specifically, Defendant, directly and/or through intermediaries, makes, distributes, imports, offers for sale, sells, advertises, and/or uses, multi-monitor display stands and/or systems, including the accused products identified herein, that practice the claimed multi-display systems of the Patents-in-Suit in the State of Texas. Defendant has committed patent infringement in the State of Texas, and/or has induced others to commit and/or has contributed to patent infringement in the State of Texas. Defendant solicits customers in the State of Texas. Defendant has paying customers who are residents of the State of Texas and who purchase and/or use Defendant's infringing products and services in the State of Texas. Further, Defendant has an interactive website that is accessible from the State of Texas.

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Defendant has purposefully availed themselves of the privileges of conducting business in the Eastern District of Texas; Defendant regularly conducts business within the Eastern District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the Eastern District of Texas.

8. More specifically, Defendant, directly and/or through intermediaries, makes, distributes,

imports, offers for sale, sells, advertises, and/or uses, multi-monitor display stands and/or systems, including the accused products identified herein, that practice the claimed multi-display systems of the Patents-in-Suit in the Eastern District of Texas. Defendant has committed patent infringement in the Eastern District of Texas, has induced others to commit infringement in the Eastern District of Texas, and/or has contributed to patent infringement in the Eastern District of Texas. Defendant solicits customers in the Eastern District of Texas. Defendant has paying customers who are residents of Eastern District of Texas and who purchase and/or use the Defendant's products and services in the Eastern District of Texas.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. RE36,978

9. MASS refers to and incorporates herein the allegations of Paragraphs 1-8 above.

10. The '978 Patent, entitled "Dual Display System," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 5, 2000 after full and fair reissue examination. Additionally, the '978 Patent was subject to reexamination on March 4, 2010. A Reexamination Certificate issued on May 10, 2011, confirming the patentability of claims 1-8, 13, 16 and 17 (the remaining claims were not the subject of reexamination) and also adding new claims 18-38. Plaintiff is the exclusive licensee of the '978 Patent and it has all substantial rights to the '978 Patent, including the right and standing to sue and recover damages for past, present and future infringement of the patent.

11. Upon information and belief, Defendant makes, makes, distributes, imports, offers for sale, sells, advertises, and/or uses, without limitation, multi-monitor display stands and/or systems, namely products comprising, *inter alia*, a base member (including as this Court has previously construed that term), at least a pair of electronic displays (including as this Court has previously construed that term), an arm assembly, support means (including as this Court has previously

construed that term), and mounting means (including as this Court has previously construed that term). Plaintiff is informed and believes that Defendant infringes the '978 Patent by and through at least its manufacture, distribution, importation, offer to sell, sale, and/or use of the products comprising at least the following Planar Model Nos. 997-5253-00; 997-6504-00; 997-6035-00; and 997-5602-00.

12. Additionally, or in the alternative, upon information and belief, Plaintiff is informed and believes that Defendant has induced infringement of the '978 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising intentionally inducing infringement of the '978 Patent in this judicial district, the State of Texas, and elsewhere in the United States, including by aiding or abetting at least customers and other end users to use said products. Upon information and belief, such induced infringement has occurred at least since Defendant became aware of the '978 Patent, which was at least on or about November 2009, and Defendant's inducement of infringement involves Defendant's knowledge that the induced acts constitute patent infringement.

13. Additionally, or in the alternative, upon information and belief, Plaintiff is informed and believes that Defendant has contributed to infringement of the '978 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising contributing to at least the use of said products by customers and/or other end users in this judicial district, the State of Texas, and elsewhere in the United States, and such contributory infringement necessarily involves knowledge that such systems and apparatuses are especially made or especially adapted for use in an infringement of the '978 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

14. Each of Defendant's aforesaid activities has been without authority and/or license from

Plaintiff.

15. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

16. Defendant's infringement of Plaintiff's exclusive rights under the '978 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,102,331

17. MASS refers to and incorporates herein the allegations of Paragraphs 1-16 above.

18. The '331 patent, entitled "Horizontal Three Screen LCD Display System," was duly and legally issued by the United States Patent and Trademark Office on January 24, 2012 after full and fair examination.  Plaintiff is the exclusive licensee of the '331 Patent and it has all substantial rights to the '331 Patent, including the right and standing to sue and recover damages for past, present and future infringement of the patent.

19. Upon information and belief, Defendant makes, distributes, imports, offers for sale, sells, advertises, and/or uses, without limitation, a multi-display monitor system, namely products comprising, *inter alia*, a support member and an arm assembly as claimed in the '331 Patent. Plaintiff is informed and believes that Defendant infringes the '331 Patent by and through at least its manufacture, distribution, importation, offer to sell, sale, and/or use of products comprising at least the following Planar Model Nos. 997-5253-00; 997-6504-00; 997-6035-00; and 997-5602-00.

20. Additionally, or in the alternative, upon information and belief, Plaintiff is informed and

5

believes that Defendant has induced infringement of the '331 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising intentionally inducing infringement of the '331 Patent in this judicial district, the State of Texas, and elsewhere in the United States, including by aiding or abetting at least customers and other end users to use said products.  Upon information and belief, such induced infringement has occurred at least since Defendant became aware of the '331 Patent, and Defendant's inducement of infringement involves Defendant's knowledge that the induced acts constitute patent infringement.

21. Additionally, or in the alternative, upon information and belief, Plaintiff is informed and believes that Defendant has contributed to infringement of the '331 Patent in this judicial district, the State of Texas, and elsewhere in the United States, by actions comprising contributing to at least the use of said products by customers and/or other end users in this judicial district, the State of Texas, and elsewhere in the United States, and such contributory infringement necessarily involves knowledge that such systems and apparatuses are especially made or especially adapted for use in an infringement of the '331 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

22. Each of Defendant's aforesaid activities has been without authority and/or license from Plaintiff.

23. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24. Defendant's infringement of Plaintiff's exclusive rights under the '331 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless

enjoined by this Court.

## JURY DEMAND

25. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

26. Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the Patents-in-Suit has been directly and/or indirectly infringed, either literally and/or under the doctrine of equivalents, by Defendant;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for Defendant's acts of infringement, together with pre-judgment and post-judgment interest;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and all persons acting in concert therewith from further acts of infringement with respect to the claims of the Patents-in-Suit;

D. That this Court declare that Defendant's infringement has been, and continues to be, willful, including that Defendant acted to infringe the Patents-in-Suit despite an objectively high likelihood that its actions constituted infringement of a valid patent and, accordingly, award enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284;

E. That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

F. Any further relief that this Court deem just and proper.

May 5, 2014                                          Respectfully submitted,

/s/ *Stephen F. Schlather*
Stephen F. Schlather – Lead Attorney
Texas Bar No. 24007993
John J. Edmonds
Texas Bar No. 789758
Shea N. Palavan
Texas Bar No. 24083616
COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC
1616 South Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
sschlather@cepiplaw.com
jedmonds@cepiplaw.com
spalavan@cepiplaw.com

Andrew Spangler
Texas Bar No. 24041960
Spangler Law P.C.
208 N. Green St., Ste. 300
Longview, Texas 75601
Phone: (903) 753-9300
Fax: (903) 553-0403

ATTORNEYS FOR PLAINTIFF
MASS ENGINEERED DESIGN, INC.