United States District Court
Eastern District of Texas
Tyler Division

| | |
|---|---|
| Mass Engineered Design, Inc. | Civil Action No. 6:14-cv-00414-LED |
| Plaintiff | |
| vs. | |
| Planar Systems, Inc. | |
| Defendant | |

## Planar's Motion To Dismiss Or To Transfer Venue

Defendant Planar Systems, Inc. moves to dismiss for improper venue under FRCP 12(b)(3) and 28 U.S.C. § 1406(a). In the alternative, Planar seeks a transfer venue to the District of Oregon under 28 U.S.C. § 1406(a) or § 1404(a).

## Introduction

Venue is improper in this District because no party resides here, no witnesses are here, and no evidence is here. The absentee plaintiff is a Canadian corporation based in Canada.[1] Mass Engineered Design, Inc. ("MED") has no alleged business connection to this District. Defendant Planar is an Oregon corporation based in Beaverton, Oregon.[2] Planar has no regular and established place of business in this District.[3]

Accordingly, venue in this District is improper under 28 U.S.C. § 1400(a), and this court should dismiss this case.[4]

In the alternative, this court should transfer this case to the District of Oregon under 28 U.S.C. § 1406(a) or 1404(a). All factors for a discretionary venue transfer weigh heavily in favor

---

[1] Complaint ¶ 2
[2] Complaint ¶ 3
[3] Going Declaration ¶¶ 2–3
[4] 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")

of transfer or are neutral. For example, no witnesses, documents, or evidence are in Texas, while all likely witnesses, documents, and physical evidence identified by Planar are in Oregon or Taiwan. Accordingly, if this court does not dismiss this case under § 1406(a), it should transfer this case to the District of Oregon under §§ 1406(a) or 1404(a).

## Argument

### I. Venue is improper under § 1406(a)

#### A. Applicable law

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Thus, for venue to be proper in this District, the complaint must allege that Planar either (1) "resides" here, or (2) has committed acts of infringement here *and* has a regular and established place of business here.[5] MED's complaint negates the first prong and fails to address the second prong.

#### B. Neither party "resides" in Texas

A corporation "resides" at its principal place of business, where its "nerve center" is located.[6] MED's complaint alleges that neither it nor Planar resides in Texas, so the complaint negates the first prong of venue under § 1400.[7]

#### C. Planar has no "regular and established place of business" in this District

The evidence establishes that the second prong of venue under § 1400 is also lacking. Although MED alleges that Planar's accused products are sold into the stream of commerce and later resold or used by third parties in this District, MED does not allege that *Planar* sold or used the accused products here. Even assuming that the allegations were sufficient to establish acts of infringement in this District for jurisdictional purposes, the complaint fails to allege that Planar

---

[5] 28 U.S.C. § 1400(b)
[6] *In re Microsoft Corp.*, 630 F. 3d 1361, 1364 (Fed. Cir. 2010) (discussing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010))
[7] Complaint ¶¶ 2–3

"has a regular and established place of business" here. "Having a regular and established business involves more than 'doing business'" by selling products here.[8] The evidence submitted with this motion demonstrates that Planar has no place of business in Texas, let alone a "regular and established" one.[9]

As the complaint alleges, Planar is an Oregon corporation based in Beaverton Oregon.[10] This Beaverton facility is Planar's "nerve center", where all of its executives work and where most of its employees work.[11] Planar does not maintain any offices in Texas, let alone in this District.[12] With no physical premises in Texas, there is no sense in which Planar has a "regular and established place of business" in this District.

Since Planar has no "regular and established place of business" in this District, the second prong of the venue test under § 1400 cannot be met, and venue here is improper.

**D. Dismissal is an appropriate remedy for MED's intentional filing in an improper venue**

The appropriate remedy for MED's knowing violation of the venue statute is to dismiss its case. MED's complaint alleges most of the above facts, so MED knew them before filing its complaint in this District. MED gives no explanation why it chose to file in a District that it knew to be an improper venue. The complaint negates one possible ground for venue and is silent on the other. Dismissal is expressly authorized by 28 U.S.C. § 1406(a). Dismissal will also have the added benefit of deterrence, discouraging other plaintiffs from knowingly filing suit in Districts that are clearly improper.

In the alternative, § 1406(a) gives this court discretion to "transfer [this] case to any district or division in which it could have been brought." The only District to which this case could be transferred the District of Oregon, where Planar is incorporated and headquartered.

---

[8] *Norkol/Fibercore, Inc. v Gubb* 279 F. Supp. 2d 993 (E.D. Wis. 2003) (citing *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1018 (E.D. Wis. 2000))
[9] Going Declaration ¶ 3
[10] Complaint ¶ 3
[11] Going Declaration ¶ 2
[12] Going Declaration ¶ 3

Accordingly, if this court exercises its discretion to transfer the case, the transfer must be to the District of Oregon.

## II. Venue is clearly more convenient in Oregon under § 1404(a)

### A. Applicable law

In 2008, the Federal Circuit articulated the legal standard governing venue motions in patent cases in this District:[13]

> Change of venue in patent cases, like other civil cases, is governed by 28 U.S.C. § 1404(a). Pursuant to § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. § 1404(a). Under Fifth Circuit law, a motion to transfer venue should be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) ("*Volkswagen II*").

> The Fifth Circuit applies the "public" and "private" factors for determining *forum non conveniens* when deciding a § 1404(a) venue transfer question. *Volkswagen II*, 545 F.3d at 314 n.9. The "private" interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). The "public" interest factors to be considered are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315. … Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis. *Volkswagen II*, 545 F.3d at 314 n.10.

### B. All "private" factors all weigh in favor of transfer

The private interest factors in the § 1404(a) venue analysis are: "(1) the relative ease of

---

[13] *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319–20 (Fed. Cir. 2008)

access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive."[14] All four private-interest factors weigh in favor of transferring this case to Oregon.

> (1) Relative ease of access to sources of proof

>> (a) Physical and documentary evidence

"Intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's principal place of business is often the critical and controlling consideration."[15] In this case, most of the evidence concerning the accused products in Planar's possession appears to be in Planar's offices in Beaverton, Oregon, and the remainder is in Planar's offices in Taipei, Taiwan.[16] Planar does not keep any such evidence in Texas. The location of most of the evidence in Beaverton clearly weighs heavily in favor of transferring this case to the District of Oregon.

Planar did not design or manufacture the accused products.[17] Rather, Planar acquires the accused products from a supplier in Taiwan and resells them in the United States.[18] Thus, some relevant evidence in Planar's possession is in its offices in Taiwan.[19] Still more relevant evidence (particularly concerning the design and function of the accused products) is in the possession of the Taiwanese supplier.[20] Transportation costs for physical and documentary evidence from Taiwan are necessarily less expensive to Oregon than to Texas because the distance to Oregon is over 1,600 miles closer to the source. Accordingly, the first private factor with respect to physical and documentary evidence weighs heavily in favor of transfer.

>> (b) Witnesses

All witnesses in the United States that Planar can reasonably foresee calling to testify in

---

[14] *TS Tech*, 551 F.3d at 1319
[15] *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992)
[16] Going Declaration ¶¶ 4–5, 7
[17] Going Declaration ¶ 4
[18] Going Declaration ¶¶ 4
[19] Going Declaration ¶¶ 4–5
[20] Going Declaration ¶¶ 4–5

this case are located in Oregon. Planar has identified two employee-witnesses in the U.S. who would have knowledge relevant to this case, and both are based in Beaverton, Oregon.[21]

> o  Rob Baumgartner is Planar's current Vice President of Global Operations and former operations head for Planar's Enterprise IT business unit, which sold the accused products. Mr. Baumgartner works in Beaverton, Oregon.[22]

> o  Cindy McCullough is Planar's Product Marketing Manager for the Enterprise IT channel, where the accused products are sold. Ms. McCullough works in Beaverton, Oregon.[23]

In addition to these employees, Planar has identified two third party witnesses who reside in Oregon and who are likely to have knowledge relevant to this case:

> o  Mark Ceciliani is Planar's former General Manager of its Enterprise IT business unit, which sold the accused products. Mr. Ceciliani has knowledge about Planar's sales and sourcing of the accused products as well as Planar's relevant decisions concerning sales and sourcing of the accused products. Mr. Ceciliani worked in Beaverton, Oregon when he worked for Planar, and he still lives in Oregon today.[24]

> o  Rob Rutledge is a former operations manager in Planar's Enterprise IT business unit. Mr. Rutledge has knowledge about Planar's sourcing and importing of the accused products as well as relevant decisions at Planar concerning the handling of the accused products. Mr. Rutledge worked in Beaverton, Oregon when he worked for Planar, and he still resides in Beaverton, Oregon.[25]

It is clearly easier for these witnesses to testify at a trial in Oregon than for them to travel to Texas to give testimony. Accordingly, the first private factor with respect to witnesses weighs heavily in favor of transfer.

(2) Availability of compulsory process to secure the attendance of witnesses

This court cannot compel witnesses in Oregon to testify at a trial in Texas.[26] This court may only hold a trial within its District, so this court could not hold the trial in Oregon in order

---

[21] Going Declaration ¶¶ 5–6
[22] Going Declaration ¶ 6a
[23] Going Declaration ¶ 6b
[24] Going Declaration ¶ 6e
[25] Going Declaration ¶ 6f
[26] FRCP 45(c)(1)

to secure the presence of those witnesses.[27] Only the District of Oregon is empowered to compel the Oregon-based witnesses to testify at trial.[28]

Although this court can provide nationwide subpoena power to compel witnesses to attend depositions, live testimony is still the preferred way to offer evidence at trial, so this court's subpoena power for depositions is not a substitute for the District of Oregon's power to compel witnesses to attend the trial. Accordingly, the second private factor weighs heavily in favor of transfer.

<u>(3) Cost of attendance for willing witnesses</u>

The Oregon-based witnesses would incur substantial costs if they testify at a trial in Texas. Each witness would lose two days for traveling before and after testifying, as well as out-of-pocket costs for transportation and lodging. All such costs would be avoided if this case is transferred to Oregon. Thus, the substantial burdens on these witnesses for attending a trial in Texas would be eliminated by transferring this case to the District of Oregon.

The remaining witnesses that Planar has identified for this case are based in Taiwan.[29] This court is over 1,600 miles farther from Taiwan than the District of Oregon, so the cost of their travel to this court is concomitantly higher. Moreover, if Planar's Taiwanese employee-witnesses travel to Oregon to testify, they could use Planar's offices in Beaverton as a base of operations to work while they are waiting to testify, and they would lose much less productive time. Planar has no offices in Texas that its employees could use for working while waiting to testify in this court.

Since the costs for willing witnesses to testify in this court are substantially higher than the costs they would incur to testify in the District of Oregon, the third private factor weighs heavily in favor of transfer.

<u>(4) Other practical problems that make a trial easy, expeditious and inexpensive</u>

Practical considerations also weigh in favor of transferring this case to the District of

---

[27] 28 U.S.C. § 1404(c)
[28] FRCP 45(c)(1)
[29] Going Declaration ¶¶ 5–6

Oregon. The patents asserted in this case claim large "display systems" which have large electronic screens mounted on heavy bases. Many physical exhibits in this case will therefore be heavy, bulky devices. Such large physical evidence must be transported into and out of the courtroom each day for trial. In the District of Oregon, Planar can easily store such bulky exhibits overnight during trial in its offices in Beaverton, which is not far from the courthouse in Portland. In this District, however, neither party has any facilities where such bulky exhibits could be kept overnight. Thus, both parties would have to rent facilities near this courthouse to store exhibits during trial, which would cause both parties to incur unnecessary costs.

Practical considerations for witnesses also weigh in favor of transfer. If Planar's Taiwanese employee-witnesses travel to Oregon to testify, they could use Planar's offices in Beaverton as a base of operations to work while they are waiting to testify, and they would lose much less productive time. Planar has no offices in Texas that its employees could use for working while waiting to testify in this court. Accordingly, the fourth private factor weighs heavily in favor of transfer.

**C. All "public" factors weigh in favor of transfer or are neutral**

The public interest factors in the § 1404(a) analysis are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law."[30]

(1) Administrative difficulties flowing from court congestion

Neither this court nor the District of Oregon has a track record for providing an abnormally short or long time from filing of a case through trial. Accordingly, the factor of court congestion is likely neutral.

(2) Local interest in having localized interests decided at home

This factor weighs heavily in favor of transfer to the District of Oregon. This court has no

---

[30] *TS Tech*, 551 F.3d at 1319

localized interest in this case. No party is based in Texas, so Texas has no interest in this dispute. MED is an absentee plaintiff with no apparent business connection to Texas: it is a Canadian corporation based in Ontario, Canada,[31] and its complaint does not allege any business contacts with Texas. Planar is an Oregon corporation based in Beaverton, Oregon.[32] The District of Oregon has a localized interest in seeing that the citizens of Oregon receive fair adjudication of their claims and defenses. Accordingly, the second public factor weighs heavily in favor of transfer.

### (3) Familiarity of the forum with the law that will govern the case

This factor weighs in favor of transfer to the District of Oregon. All federal courts are presumed equally familiar with federal patent law, so neither this court nor the District of Oregon is more familiar with federal patent law. However, the District of Oregon may be better suited to resolve some issues implicated in this case. Since Planar is a reseller of the accused products and acquires those products from a Taiwanese supplier, its rights are be affected by Oregon law or Taiwan law. To the extent Taiwan law governs those rights, both courts are equally situated. But to the extent that Planar's rights are governed by state law, the District of Oregon is far better situated to resolve disputes under Oregon law. Accordingly, the third public factor weighs in favor of transfer.

### (4) Avoiding unnecessary problems of conflicts of laws or application of foreign law

This factor is neutral. At this time, there does not appear a substantial issue of conflicts of law in this case. To the extent Taiwan law is implicated in this case, both courts are equally situated to apply Taiwan law. To the extent MED's ownership of the patents in suit is questioned, MED's rights would be governed chiefly by the law of Ontario, Canada[33] — and, again, both courts would be equally situated to apply this foreign law.

---

[31] Complaint ¶ 2
[32] Complaint ¶ 3
[33] *EI Du Pont de Nemours & Co. v. Okuley*, 344 F. 3d 578, 582 (6th Cir. 2003) (quoting *Beech Aircraft Corp. v. EDO Corp.*, 990 F.2d 1237, 1248 (Fed.Cir.1993) ("Ownership, however, is a question of who owns legal title to the subject matter claimed in a patent, patents having the attributes of personal property" and is not a question of federal patent law.)

### D. Transfer to the District of Oregon is appropriate

Transfer of this case to the District of Oregon is warranted because all four private interest factors weigh heavily in favor of transfer, two public interest factors weigh in favor of transfer, and the remaining two public factors are neutral. Accordingly, if this case is not dismissed or transferred under 28 U.S.C. § 1406(a), it should be transferred to the District of Oregon under § 1404(a).

### Conclusion

For the foregoing reasons, the court should dismiss this case under FRCP 12(b)(3) and 28 U.S.C. § 1406(a). In the alternative, this court should transfer this case to the District of Oregon under § 1406(a) or § 1404(a).

Date: July 14, 2014

Respectfully submitted,
        /s/ Daniel H. Fingerman
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: kspelman@mount.com; dfingerman@mount.com

Counsel for Planar Systems, Inc.

### Certificate of Service

The undersigned certifies that on the date this document is electronically filed, all counsel of record who have consented to electronic service are being served with a copy of this document via the court's ECF system pursuant to Local Rule CV-5(a)(3)(C).

Dated: July 14, 2014

        /s/ Daniel H. Fingerman