**IN THE UNITED STATES DISTICT COURT**
**FOR THE EASTERN DISTICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **MASS ENGINEERED DESIGN, INC.** | § | |
| | § | **CASE NO. 6:14-CV-411** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **SPACECO BUSINESS SOLUTIONS, INC.** | § | |

---

| | | |
|---|---|---|
| **MASS ENGINEERED DESIGN, INC.** | § | |
| | § | **CASE NO. 6:14-CV-412** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **ERGOTECH GROUP, INC.** | § | |

---

| | | |
|---|---|---|
| **MASS ENGINEERED DESIGN, INC.** | § | |
| | § | **CASE NO. 6:14-CV-413** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **ISE, INC. et al** | § | |

---

| | | |
|---|---|---|
| **MASS ENGINEERED DESIGN, INC.** | § | |
| | § | **CASE NO. 6:14-CV-414** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **PLANAR SYSTEMS, INC.** | § | |

---

| | | |
|---|---|---|
| **MASS ENGINEERED DESIGN, INC.** | § | |
| | § | **CASE NO. 6:14-CV-431** |
| **V.** | § | **PATENT CASE** |
| | § | |
| **HERMAN MILLER, INC.** | § | |

---

**JOINT NOTICE PURSUANT TO THE COURT’S OCTOBER 10, 2014 ORDER**

Pursuant to the Court's October 10, 2014 Order Setting Case Management Conference, the undersigned Parties file this Joint Notice to address the following issues:

1. *The existence of related cases and the appropriateness of consolidation, in particular, how best to consolidate related cases and schedule claim construction hearings in light of the patents asserted against each Defendant*

The above-captioned cases are related at least to the extent that they each involve he assertion of U.S. Patent Nos. RE36,978 and 8,462,103. Additionally, the *ISE* case (6:14-cv-413) and *Planar* case (6:14-cv-431) also involve U.S. Patent No. 8,102,331 which includes monitor stand technology related to the '978 and '103 Patents. In addition, the sole inventor listed on the '978 and '331 patents is also the lead inventor listed on the '103 patent. Plaintiff contends that each of these patents include similar, or in many cases the same, claim terms (*e.g.*, "base/base member", "arm/arm assembly") which should be construed consistently, although Defendants do not agree that all such terms are entitled to the same meaning at this stage. Further, Plaintiff contends that since the Court has previously construed many of the terms of the '978 Patent, as part of the *Mass Engineered Design, Inc. v. Ergotron, et al.* case (2:06-cv-272) (*see* Dkt Nos. 266, 344, and 372 in the *Ergotron* case), the Court should extend these constructions to the extent the same terms are found in the '103 and '331 patents. Defendants' position is that there are a number of terms in the '103 and '331 patents that may require additional consideration by the Court. Nevertheless, the parties agree that it would reduce the burden on both the Court and the parties to address claim construction in a consolidated manner across the above-captioned cases, rather than individually in separate proceedings.

In addition, Plaintiff states that the products from each of the defendants are similar in many significant ways, including that each includes similar structures that Mass contends meet certain limitations in the asserted claims. Exhibit A has pictures of all of Herman Miller, Planar,

and SpaceCo products accused of infringement in Plaintiff's P.R. 3-1 infringement contention disclosures, as well as all accused products for ISE and Ergotech. Again, Defendants disagree with Plaintiff's characterization of their products a being similar. Still, the parties agree that consolidation for pre-trial matters, including for claim construction, would be appropriate and would help to conserve the resources of the Court and the parties.

2. *Unique approaches leading to the early resolution of the case, such as early mediation, early disclosure of damage models, early disclosure of licenses or settlement agreements concerning the patents-in-suit and any related patent, early disclosure of sales information for the accused products and all reasonably similar products; early disclosure of technical data, and more specific infringement contentions*

Plaintiff is agreeable to using the Court's Track B Initial Patent Case Management Order. Considering that the Court has already construed a significant number of terms (*see* above) and that the patents-in-suit have a number of the same or similar terms, there should not be significant additional time required for the parties to prepare for claim construction. Further, an early claim construction hearing would help to focus the parties on terms and issues legitimately in dispute in view of this Court's constructions.

Further, the '978 and '103 claims asserted in this case are have substantial overlap across all of the defendants, as indicated by the claims asserted in Plaintiff's currently served P.R. 3-1 disclosures[1]:

SpaceCo
'978 – 16, 18, 27
'103 – 1-3, 9-11, 14-15, 18

Planar
'978 – 16, 18, 25, 27
'331 – 1, 4, 10

[1] Mass, ISE and Ergotech are in the advanced stage of settlement negotiations, including having reached agreement in principle. Mass expects that the ISE and Ergotech cases will have settled by the time Mass's P.R. 3-1 disclosures are due. Accordingly, Mass has not, at this stage, included its list of asserted claims against ISE or Ergotech.

<u>Herman Miller</u>
‘978 – 16, 18, 27
‘103 – 1-3, 9-11, 14-15, 17-18

Further, as shown in Exhibit A, the accused products share a significant number of similarities in features relevant to the patents and covered by the claims, further reducing the burden on either party to move this case forward in an expeditious manner, including as provided for by Track B.

The Defendants again disagree with Mass’s contention that the accused products share similarities such that Track B is warranted. For example, referring to Mass’s Exhibit A, the Planar Systems Dual Stand is a simple monitor stand, while the SpaceCo SA02 uses an articulating arm with a gas spring to allow for adjustability of the assembly. These two products function in fundamentally different ways, and achieve different results. They are also different from the Herman Miller accused products which function in yet different ways than the Planar or SpaceCo products. There is not sufficient similarity between the Defendants products to warrant Track B scheduling.

Defendants, however, contend that the traditional “Track A” case management schedule for patent cases would be more appropriate given the number of claims being asserted by Plaintiff with respect to each Defendant and the number of accused products. For example, with respect to Herman Miller Inc., Plaintiff has asserted 3 claims of the ’978 Patent against three separate products, for a total of 9 infringement contentions. For the ’103 Patent, Plaintiff has asserted 10 claims, nine of which are asserted against three separate products, while the final claim is asserted against one product, for a total of 28 infringement contentions. Thus, even with respect to each individual defendant, the number of claims and products involved dictate against a Track B schedule.

3. *Clearly dispositive issues that warrant special scheduling*

Plaintiff is not aware of any clearly dispositive issues that warrant special scheduling. With regard to SpaceCo's unpersuasive petitions for IPR (which were only filed on October 24 and October 27, respectively), no action by the PTO has been taken, including no action to initiate an inter partes review of either of the '978 or '103 patents. In addition, Mass notes that the '978 patent has already undergone substantial post-grant review including a reissue proceeding and a reexamination. Further, even if a stay might become appropriate in the future (which it is not) with regard to cases involving only the '978 and '103 patents if an IPR is instituted regarding any meaningful alleged prior art, a stay would be inappropriate for the Planar case involving the '331 patent which is not subject to a petition for IPR. For at least these reasons, Mass is opposed to a stay of any of these cases.

Defendants would note that IPRs were filed on October 24, 2014 against the '978 patent and on October 27 against the '103 patent. Any characterization of them as "unpersuasive" is inappropriate at this time, because the PTAB has not yet taken them up for determination as to whether to institute proceedings, although such a decision can be expected within five months. While the '978 patent has undergone ex parte post-grant reviews before in reissue and reexamination, it has never before been subject to inter partes review, which is a more robust exploration of the patent's validity. Additionally, the '103 patent only recently issued and has never been the subject of post-grant review. A decision by PTAB invalidating the claims of these patents would have a dispositive effect on all the issues raised against some defendants, and would substantially narrow the remaining issues with respect to those defendants that also face charges of infringement of the 331 patent. SpaceCo intends to file a Motion to Stay Proceedings in the

near term, the remaining Defendants are in the process of evaluating the appropriateness of joining in the motion to stay these proceedings in light of the recent IPR filings.

4. *Whether the parties consent to trial before a magistrate judge*

The parties do not consent to trial before a magistrate judge.

Date: October 29, 2014

Respectfully submitted,

By: /s/ *Stephen F. Schlather*

Stephen F. Schlather
Texas Bar No. 24007993
John J. Edmonds
Texas Bar No. 789758
Shea N. Palavan
Texas Bar No. 24083636
**COLLINS, EDMONDS, POGORZELSKI, SCHLATHER & TOWER, PLLC**
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (713) 364-2371
Facsimile: (832) 415-2535
Email: sschlather@cepiplaw.com
jedmonds@cepiplaw.com
spalavan@cepiplaw.com

Andrew Spangler
Texas Bar No. 24041960
**SPANGLER LAW P.C.**
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: (903) 753-9300
Facsimile: (903) 553-0403

***Attorneys for Plaintiff***
***Mass Engineered Design, Inc.***

/s/ *Carl A. Hort, III*

Carl A. Hjort, III
Admitted *pro hac vice*
SpaceCo Business Solutions, Inc.
17650 East 32nd Place, Ste. 10A
Aurora, CO 80011
T: 303-350-2204
F: 303-375-6644

E: chjort@spaceco.com

Scott E. Stevens
Texas Bar Number
Stevens Love
P.O. Box 3427
Longview, TX 75606-3427
903/753-6760
Fax: 903/753-6761
Email: scott@stevenslove.com

*ATTORNEYS FOR DEFENDANT, SpaceCo Business Solutions, Inc.*

*/s/ M. Craig Tyler*

M. Craig Tyler
ctyler@wsgr.com
Texas Bar No. 794762
Wilson Sonsini Goodrich & Rosati, Professional Corporation
900 South Capital of Texas Hwy.
Las Cimas IV, Fifth Floor
Austin, Texas 78746
Telephone: 512.338.5400
Fax: 512.338.5499

*ATTORNEYS FOR DEFENDANTS, ERGOTECH GROUP, INC. and ISE, INC*

*/s/ Laura Beth Miller*

Laura Beth Miller
Kori Anne Bagrowski
Ian M. Moodie
BRINKS GILSON & LIONE
455 North Cityfront Plaza Drive
NBC Tower – Suite 3600
Chicago, Illinois 60611-5599
Telephone: (312) 321-4200
Facsimile: (312) 321-4299

Harry L. Gillam, Jr.
State Bar No. 07921800
GILLAM & SMITH, L.L.P.
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: gil@gillamsmithlaw.com

*Attorneys for Defendant*
*Herman Miller, Inc.*

/s/ *Kathryn G. Spelman*
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA 95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
kspelman@mount.com;
dfingerman@mount.com

E. Glenn Thames, Jr.
Potter Minton, P.C.
110 North College, Suite 500
Tyler TX 75702
Phone: 903-597-8311
Fax: 903-593-0846
glennthames@potterminton.com

*Attorneys for Defendant*
*Planar Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Date: October 29, 2014

/s/ *Stephen F. Schlather*
Stephen F. Schlather