United States District Court
Eastern District of Texas
Tyler Division

| | |
|---|---|
| Mass Engineered Design, Inc.<br><br>    Plaintiff<br><br>v.<br><br>Planar Systems, Inc.<br><br>    Defendant | Civil Action No. 6:14-cv-00414-LED |

## Planar Systems Inc.'s Answer and Counterclaims

Defendant Planar Systems, Inc. answers Mass Engineered Design, Inc.'s complaint as follows:

### Nature of the Action

1. Planar admits that Mass purports to allege infringement of U.S. Patent Nos. RE 36,978 and 8,102,331 (collectively, the "Patents-in-Suit"). Planar denies infringement. Planar denies that Mass is entitled to any relief. Planar denies all other allegations in this paragraph.

### Parties

2. Planar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

3. Planar admits that it is an Oregon corporation with its principal place of business at 1195 Northwest Compton Way, Beaverton, Oregon 97006.

### Jurisdiction and Venue

4. Planar admits that this Court has subject matter jurisdiction.

5. Planar denies the allegations in this paragraph.

6. Planar denies the allegations in this paragraph.

7. Planar denies the allegations in this paragraph.

8. Planar denies the allegations in this paragraph.

### Count I – Infringement of U.S. Patent No. RE36,978

9. Planar incorporates its answers to all previous paragraphs.

10. Planar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

11. Planar denies the allegations in this paragraph.

12. Planar denies the allegations in this paragraph.

13. Planar denies the allegations in this paragraph.

14. Planar admits that it has not received authority or a license from Mass. Planar denies all other allegations in this paragraph.

15. Planar denies the allegations in this paragraph.

16. Planar denies the allegations in this paragraph.

### Count II – Infringement of U.S. Patent No. 8,102,331

17. Planar incorporates its answers to all previous paragraphs.

18. Planar lacks knowledge or information sufficient to form a belief about the truth of this allegation.

19. Planar denies the allegations in this paragraph.

20. Planar denies the allegations in this paragraph.

21. Planar denies the allegations in this paragraph.

22. Planar admits that it has not received authority or a license from Mass. Planar denies all other allegations in this paragraph.

23. Planar denies the allegations in this paragraph.

24. Planar denies the allegations in this paragraph.

### Jury Demand

25. Planar also requests a trial by jury for all issues so triable.

### Prayer For Relief

26. Planar denies that Mass is entitled to any relief.

**Affirmative Defenses**

Planar asserts the following affirmative defenses:

1. Each of the Patents-in-Suit are invalid and/or unenforceable under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., including the failure to meet one or more of the requirements for patentability as specified in at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

2. Planar has not infringed any claim of any Patent-in-Suit, either directly or indirectly.

3. Mass's complaint fails to state a claim upon which relief can be granted.

4. Mass is barred from asserting each of the Patents-in-Suit by the doctrine of laches.

5. Mass is barred from asserting each of the Patents-in-Suit by the doctrine of waiver.

6. Mass is barred from asserting each of the Patents-in-Suit by the doctrine of estoppel.

7. Mass is barred from asserting each of the Patents-in-Suit by the doctrine of unclean hands.

8. Mass's claims for damages are limited by with 35 U.S.C. § 287 for any alleged infringement before actual notice of the Patents-in-Suit was provided to Planar.

9. Mass's claims are limited to the extent the Complaint seeks relief for any act or course of conduct that began more than six years before the filing of the Complaint.

10. Mass's claims are limited to the extent the accused conduct occurred outside of the United States.

11. Planar reserves the right to assert additional affirmative defenses.

**COUNTERCLAIMS**

Planar asserts the following counterclaims against Mass:

1. Planar is an Oregon corporation with its principal place of business at 1195 Northwest Compton Way, Beaverton, Oregon 97006.

2. Mass has alleged that it is a limited liability company organized and existing

under the laws of Ontario, Canada.

## Jurisdiction and Venue

3. This Court and the District of Oregon have subject matter jurisdiction of this counterclaim under 28 U.S.C. §§ 1331, 1338(a), and 2201.

4. This Court and the District of Oregon have personal jurisdiction over Mass. Mass did not dispute that this case could have been brought in Oregon. *See* D.I. 24, p. 4. Furthermore, "[t]here is no requirement under § 1404 (a) that a transferee court have jurisdiction over the plaintiff or that there be sufficient minimum contacts with the plaintiff." *In re Genentech*, 566 F.3d 1338, 1346 (Fed. Cir. 2009)

5. This Court has conditionally transferred the case to the District of Oregon under 28 U.S.C. 1404(a). Mass did not dispute that venue is proper in Oregon. *See* D.I. 24, p. 4. Planar contends that venue is improper in this District.

6. Mass's complaint alleges that Planar has infringed the Patents-in-Suit. An actual, immediate, and justiciable controversy exists between Mass and Planar relating to the Patents-in-Suit.

## Count I – Declaratory Judgment of Non-infringement

7. Planar incorporates all previous allegations.

8. Planar does not infringe, contribute to infringement, or induce infringement of any valid and enforceable claim of the Patents-in-Suit.

9. Planar is entitled to a declaratory judgment that it does not infringe the Patents-in-Suit.

## Count II – Declaratory Judgment of Invalidity

10. Planar incorporates all previous allegations.

11. Each of the Patents-in-Suit are invalid and/or unenforceable under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., including the failure to meet one or more of the requirements for patentability as specified in at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

12. Planar is entitled to a declaratory judgment that the claims of the Patents-in-Suit

are invalid.

## Prayer for Relief

Planar prays for judgment against Mass as follows:

13. A declaration that Planar does not infringe, contribute to infringement, or induce infringement of any valid and enforceable claim of the Patents-in-Suit;

14. A declaration that the Patents-in-Suit are invalid.

15. Dismissal of Mass's complaint with prejudice.

16. A declaration that this is an exceptional case under 35 U.S.C. § 285.

17. Costs, including attorney's fees.

18. All other and further relief that the court deems just and proper.

## Demand for Jury Trial

Planar demands a trial by jury for all issues so triable.

Date: April 7, 2015

          /s/ Jing Hong Cherng
Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Jing Hong Cherng, Esq. (Cal. Bar No. 265017)
William H. Stewart, Esq. (Car. Bar. No. 287782)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: dmount@mount.com; kspelman@mount.com;
     gcherng@mount.com; wstewart@mount.com

Counsel for Planar Systems, Inc.

## Certificate of Service

The undersigned certifies that on the date this document is electronically filed, all counsel of record who have consented to electronic service are being served with a copy of this document

via the court's ECF system pursuant to Local Rule CV-5(a)(3)(C).

Dated: April 7, 2015

/s/ Jing Hong Cherng