IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| MASS ENGINEERED DESIGN, INC. | § | |
|---|---|---|
| | § | |
| | § | CASE NO. 6:14CV411 |
| vs. | § | LEAD CASE |
| | § | |
| SPACECO BUSINESS SOLUTIONS, INC. | § | |
| | § | |
| | § | |
| MASS ENGINEERED DESIGN, INC. | § | CASE NO. 6:14CV414 |
| | § | |
| vs. | § | |
| | § | |
| PLANAR SYSTEMS, INC. | § | |
| | § | |

## ORDER

Before the Court is a Motion to Withdraw as Counsel (ECF 150) filed by Mount Spelman P.C. ("Mount Spelman"). Mount Spelman asserts that it no longer represents Defendant Planar Systems, Inc. ("Planar") and new counsel has already appeared in the case. For the following reasons, the motion is **GRANTED**.

A Court may grant an attorney's motion to withdraw from representation of a client if the attorney shows good cause to withdraw, gives reasonable notice to the client, and satisfies the court that the attorney's withdrawal will not adversely affect efficient litigation of the suit. *See Matter of Wynn*, 899 F.2d 644, 646 (5th Cir. 1989) (an attorney may withdraw from representation only upon leave of court and a showing of good cause and reasonable notice to the client). The Eastern District of Texas adopted the Texas Disciplinary Rules of Professional

Conduct as a guideline for governing the obligations and responsibilities of attorneys appearing before this Court. *See* Local Rule AT–2. Rule 1.15(b) outlines six specific situations in which good cause would exist for withdrawing from representation of a client. *See* TEXAS DISCIP. RULES OF PROF'L CONDUCT R. 1.15(b)(1)-(6). An attorney seeking to withdraw bears the burden of proving the existence of good cause for withdrawal. *Murphy v. YRC Inc.*, No. A-10-CA-920, 2011 WL 3902760, at *2 (W.D. Tex. Sept. 6, 2011). One justification for attorney withdrawal is if "the client fails [to] substantially fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." TEXAS DISCIP. RULES OF PROF'L CONDUCT R. 1.15(b)(5).

Here, Mount Spelman's motion satisfies those requirements. Good cause for withdrawal exists because Mount Spelman alleges that its client failed to fulfill its obligation to pay the fee as agreed. Further, Planar has notice of Mount Spelman's intent to withdraw and has already acquired new counsel. Planar's new lead counsel—Andrew Oliver—filed a notice of appearance in this case on September 3, 2015. Planar does not object to the withdrawal of counsel after resolution of an issue related to payment of the technical advisor's fee. The Court resolved that issue on March 16, 2016 and the Court received notice on March 22, 2016 that the fee was paid as ordered. The briefing in this case reveals that the efficient litigation of this case will benefit from the withdrawal of counsel. Having fully considered the briefing filed by the parties, it is

**ORDERED** that the Motion to Withdraw as Counsel (ECF 150) is **GRANTED**. Mount Spelman P.C. and its attorneys that have appeared in this case—Daniel S. Mount, Kathryn G. Spelman, Jing H. Cherng, and William H. Stewart—are **WITHDRAWN** as counsel for Planar Systems, Inc. It is further

**ORDERED** that the Clerk shall terminate electronic notice to Daniel S. Mount, Kathryn G. Spelman, Jing H. Cherng, and William H. Stewart.

So ORDERED and SIGNED this 22nd day of March, 2016.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE